UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK,<br><br>   Plaintiff,<br><br> v.<br><br>CALIFORNIA NURSES ASSOCIATION/CAREGIVERS & HEALTHCARE EMPLOYEES UNION, *et al.*,<br><br>   Defendants.<br>_____/ | No. C-10-1483 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT; AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY**<br><br>**(Docket Nos. 7, 11, 15, 20)** |

   Plaintiff John Shek has filed suit against Defendants the California Nurses Association/Caregivers and Healthcare Employees Union ("Union"), Joanne Jung, and Charles Maltzahn. The main claim asserted against Defendants is breach of the duty of fair representation. Currently pending before the Court are Defendants' motion to dismiss and Plaintiff's motion to amend his complaint. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and Mr. Shek, appearing pro se, the Court hereby **GRANTS** Defendants' motion and **DENIES** Plaintiff's. The Court **DENIES** Defendants' motion to strike the sur-reply filed by Mr. Shek in opposition to the motion to dismiss.

### I. FACTUAL & PROCEDURAL BACKGROUND

   Although Mr. Shek's original and proposed amended complaint are lacking in specifics as to the alleged facts underlying his claims against Defendants, the papers he has submitted in support of his motion and in opposition to Defendants' motion reveal the basis of his claims – in particular, an affidavit, dated May 1, 2009, that he submitted in conjunction with administrative proceedings

1  before the National Labor Relations Board ("NLRB").  *See* Docket No. 17 (Reply, Ex. F)
2  [hereinafter "Shek Aff."].  Although these papers may not be considered for purposes of a motion to
3  dismiss, *see Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting
4  that, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the
5  complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's
6  motion to dismiss"), Mr. Shek could potentially amend his complaint to include the facts alleged in
7  these papers, and therefore the papers will be considered as guideposts.  The papers reflect the
8  following allegations by Mr. Shek.

9        Alta Bates Summit Medical Center ("Alta Bates") employed Mr. Shek as a radiology
10 technician from October 8, 2004, until September 4, 2008, when he was terminated.  *See* Shek Aff.
11 at 1.  During this time period, he was represented by the Union.  *See id.*  Mr. Maltzahn was the
12 president of the Union and Ms. Jung was Mr. Shek's Union representative.  *See id.*; *see also* Docket
13 No. 14 (Opp'n, Ex. D) (business card for Mr. Maltzahn).

14       On or about May 10, 2008, while he was employed by Alta Bates, Mr. Shek was accused of
15 dislodging a patient's IV.  As a result, he was issued a written warning and given a three-day
16 suspension.  Pursuant to Alta Bates policy, Mr. Shek prepared an incident report regarding the
17 incident.  To prepare the report, he had to contact the patient and ask for her name.  The patient gave
18 him a note certifying that he did not dislodge her IV.  Mr. Shek submitted his incident report and the
19 patient's note to Alta Bates.  Alta Bates then changed its reason as to why he was being disciplined.
20 Alta Bates now claimed that he was being disciplined because he had inappropriately contacted the
21 patient.  *See id.* at 2.

22       Subsequently, Mr. Shek filed a charge against Alta Bates with the Equal Employment
23 Opportunity Commission ("EEOC"), alleging discrimination based on race, sex, age, national origin,
24 color, and retaliation.  *See id.*  Mr. Shek also had Ms. Jung, his Union representative, initiate a
25 grievance on his behalf against Alta Bates.  *See id.*  Ms. Jung did not effectively assist Mr. Shek
26 during the grievance process.  *See id.* at 2-4.

27       On August 18, 2008, Mr. Shek injured his knee at work.  He reported the injury to Alta Bates
28 but it did not give him a worker's compensation form or any treatment.  Several days later, on

August 21, 2008, Alta Bates suspended Mr. Shek pending an investigation. Mr. Shek later found out that Alta Bates was investigating whether he had purportedly put a wrong number on a crash cart. *See id.* at 4.

On August 22, 2008, Mr. Shek and Ms. Jung met with Alta Bates regarding the suspension. Alta Bates claimed that Mr. Shek was suspended based on, *inter alia*, intimidating behavior toward a coworker and management, insubordinate behavior, falsifying a time card, and sleeping on the job. *See id.* Mr. Shek's suspension continued until September 4, 2008, when he attended another meeting with Alta Bates. Both Ms. Jung and Mr. Maltzahn (the Union president) were present at the meeting. At that time, Mr. Shek was given a termination letter. The letter stated that he was being terminated based on the conduct listed above. During the meeting, Ms. Jung and Mr. Maltzahn allowed Alta Bates to present its version of the facts. They did not say anything in Mr. Shek's defense. *See id.* at 5.

Mr. Shek asked Ms. Jung to initiate another grievance, which she did on September 5, 2008. *See id.* at 6. Prior to a meeting with Alta Bates about the grievance, Mr. Shek told Ms. Jung about numerous complaints that he had and asked her to discuss them at the meeting. *See id.* at 6-7. The meeting with Alta Bates was held on October 5, 2008. Ms. Jung did not discuss the complaints at the meeting and provided a minimal rebuttal to the employer's charges. *See id.* at 7. No agreement was reached at the meeting, and so the matter was referred to the Board of Adjustment ("BOA"). *See id.*

The BOA hearing was held on February 5, 2009. Ms. Jung represented Mr. Shek at the hearing. The panel found that Mr. Shek did not cheat on his time card and that the sleeping-on-the-job claim was not warranted. *See id.* at 8.

Following the hearing, Ms. Jung informed Mr. Shek that the Union would not arbitrate the grievance because it was filed before the Union contract was ratified. According to Mr. Shek, the contract had in fact been ratified and, even if it had not been, that was immaterial because the events at issue had taken place under the old contract. *See id.* at 9.

Ms. Jung subsequently urged Mr. Shek to settle his dispute with Alta Bates for $1,000 and a conversion of his termination to a resignation. Mr. Shek responded that he would not settle for an

amount less than $80,000. Ms. Jung then suggested $5,000, but Mr. Shek refused. Thereafter, nothing happened. According to Mr. Shek, the grievance was closed on April 8, 2009. *See id.*

Subsequently, Mr. Shek challenged the Union's decision not to arbitrate with the NLRB. In support of his challenge, he submitted a confidential witness affidavit dated May 1, 2009, which contained the above allegations regarding his interactions with Alta Bates, the Union, Ms. Jung, and Mr. Maltzahn. *See* Shek Aff. On May 26, 2009, the Regional Director denied Mr. Shek relief. *See* Prop. Am. Compl., Ex. 1 (NLRB decision). Mr. Shek then appealed the Regional Director's decision but that appeal was denied on October 2, 2009. *See id.* The NLRB found that the Union's actions were not motivated by discriminatory, arbitrary, or capricious considerations as required to constitute a violation of National Labor Relations Act ("NLRA") §8(b)(1)(A). *See id.* The NLRB also declined to issue an unfair labor practice complaint. *See id.*

On April 7, 2010, Mr. Shek initiated this lawsuit against the Union, Ms. Jung, and Mr. Maltzahn. Defendants moved to dismiss the action, after which Mr. Shek filed a motion to amend the complaint. Currently pending before the Court are these two motions, as well as Defendants' motion to strike a sur-reply filed by Mr. Shek in opposition to Defendants' motion to dismiss.

## II.   DISCUSSION

A.   Motion to Strike

As a preliminary matter, the Court denies Defendants' motion to strike. The Court acknowledges that, as a formal matter, Defendants' position is correct – *i.e.*, no sur-reply is permitted under the Civil Local Rules absent approval by a court. *See* Civ. L.R. 7-3(d). Here, Mr. Shek did not obtain the Court's approval to file a sur-reply. That being said, the Court shall not strike the sur-reply because, at this point, the Court is more interested in resolving the pending disputes on the merits. In addition, the Court affords Mr. Shek some leniency because he is unrepresented herein. The Court warns Mr. Shek, however, that it expects him to comply with the Civil Local Rules, the Federal Rules of Civil Procedure, and any other applicable law for future filings. That he is proceeding pro se does not exempt him from compliance with applicable rules.

B.     Motion to Amend Complaint

Because Mr. Shek contends that his filing of an amended complaint moots Defendants' motion to dismiss, the Court addresses next his motion to amend. To the extent Mr. Shek contends that the Court must automatically accept his amended complaint, he is incorrect. Federal Rule of Civil Procedure 15(a) does give a plaintiff a right to amend once as a matter of course. However, that right must be exercised within a specific time frame – *i.e.*, within 21 days after serving the original complaint or within 21 days after the defendant has filed a motion to dismiss. *See* Fed. R. Civ. P. 15(a). If the amendment is not made within that time frame, then the plaintiff may amend only if the defendant consents or if the court gives leave to amend. *See id.*

Here, Mr. Shek did not timely file his amended complaint. Mr. Shek did not file his amended complaint until June 22, 2010. That was more than 21 days after the original complaint had been served on Defendants (in April and May 2010), *see* Docket Nos. 3-6 (executed summons), and more than 21 days after Defendants filed their motion to dismiss (in May 2010). Accordingly, Mr. Shek must obtain leave of the Court to file his amended complaint.

Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Ninth Circuit case law instructs that a court should consider the following factors in determining whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, and/or futility. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In the instant case, the critical issue is whether Mr. Shek's proposed amendment is futile. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (noting that "'there is a general rule that parties are allowed to amend their pleadings, [but] it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal'"). The only substantive difference between the original complaint and the proposed amended complaint is that the latter complaint contains two additional claims against Defendants -- (1) a state claim for breach of fiduciary duty and (2) a federal claim for disability discrimination. As discussed below, these additional claims are futile and therefore Mr. Shek's request to file an amended complaint is denied.

5

1. State Claim for Breach of Fiduciary Duty

In the original complaint, Mr. Shek asserted a claim for breach of the duty of fair representation pursuant to federal law -- more specifically, federal labor law. In the proposed amended complaint, Mr. Shek now includes a claim for breach of fiduciary duty based on state law. The state law claim is futile because state law tort actions against unions are preempted by federal labor law where "the duty to the employee of which the tort is a violation is created by a collective-bargaining agreement and without existence independent of the agreement." *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 369 (1990). Here, Mr. Shek's state claim for breach of is based on the collective bargaining agreement and therefore is preempted.

2. Federal Claim for Disability Discrimination

In the proposed amended complaint, Mr. Shek also claims that Defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA"). This claim is problematic because Mr. Shek has failed to allege any facts to support the claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (demanding more than "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint requires more than "labels and conclusions"). Furthermore, although Mr. Shek claims in his papers to have suffered a knee injury, there are no allegations that that knee injury (assuming it qualified as a disability) was the basis for any action taken by the Union or the individual defendants.

Assuming, however, that Mr. Shek could allege some set of facts to support the discrimination claim, the claim is futile because Mr. Shek did not exhaust administrative remedies prior to bringing the discrimination claim, which is a requirement under federal law. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (stating that plaintiff "must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court"); *Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000) (holding that plaintiff could bring suit because he did in fact exhaust his administrative remedies). The Court notes that papers submitted by Mr. Shek indicate that he initiated administrative proceedings against Alta Bates as his employer but that he specifically declined to name the Union or the individual defendants as an additional discriminating entity or persons. *See* Docket No. 14 (Opp'n, Ex. C) (EEOC Intake

Questionnaire).  Nor did he assert a claim for discrimination on the basis of disability.  Rather, the only EEOC complaint filed expressly enumerated discrimination on the basis of race, sex, age, national origin, color, and retaliation.[1]  Even if Mr. Shek now tried to initiate administrative proceedings against the Union based on its conduct vis-a-vis Alta Bates, he may be time barred from bringing suit.  An ADA claim must be filed with the EEOC within 180 days of the last act of alleged discrimination.  *See Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (barring claims filed with EEOC outside of 180 days, unless plaintiff initially instituted proceedings with a state or local agency, in which case he has 300 days).

C.     Motion to Dismiss

Having denied Mr. Shek's motion to amend, the Court now turns to his original complaint and Defendants' motion to dismiss that complaint.  The Court does so because the amended complaint contains the same allegations and thus those allegations remain at issue and are ripe for adjudication.  In the motion, Defendants contend that all of the claims asserted in the complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "'conclusory allegations of law and unwarranted inferences are insufficient' to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 556.  When dealing with pro se plaintiffs, allegations contained

---

[1] To be sure, later in EEOC form, Mr. Shek responded to a question about "if you allege discrimination because of your disability" with a statement that "they" were afraid his disability will act up. But he did not check the disability box as a basis for his EEOC complaint and this oblique statement does not sufficiently raise a disability discrimination claim with the EEOC, and certainly does not do so vis-a-vis the union.

in the complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

As noted above, Mr. Shek's complaint is lacking in specifics with respect to the facts underlying the claims asserted against Defendants. Nevertheless, based on the papers submitted in conjunction with Defendants' motion -- in particular, the confidential witness affidavit Mr. Shek submitted to the NLRB -- it is clear that the complaint against Defendants rests on their conduct with respect to the grievances Mr. Shek initiated against Alta Bates. The Court proceeds with the assumption that the facts alleged in Mr. Shek's confidential witness statement are true.

1. Breach of the Duty of Fair Representation

Mr. Shek's main claim against Defendants is breach of the duty of fair representation pursuant to the NLRA.[2]

   a. Union

Under the NLRA, a claim for breach of the duty of fair representation may be brought against a union when its actions are discriminatory, hostile, or arbitrary or done in bad faith. *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (stating that the union's duty is to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct"). However, the statute of limitations for such a claim is only six months. *See DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 154-55 (1983) (concluding that six-month statute of limitation set forth in section 10(b) of NLRA, 29 U.S.C. § 160(b) applies to a suit against a union for breach of duty of fair representation – same as six-month statute of limitations); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 989 n.39 (9th Cir. 2007) (noting the same). At the hearing, Mr. Shek asserted that the statute of limitations is actually two years, and not six months, but the authority he cited does not support that proposition.

---

[2] The Court notes that, in his complaint, Mr. Shek also refers to Public Employment Relations Board ("PERB") § 8(b)(1)(A). That statute, however, does not exist and it seems apparent that Mr. Shek meant to reference NLRA § 8(b)(1)(A).

8

First, Mr. Shek has referred to a Ninth Circuit order issued in *Perry v. Hollingsworth*, No. 09-17241 (9th Cir.), on October 20, 2009. *See* Docket No. 22 (Opp'n at 10). But that order does not include a discussion of a statute of limitations at all. Instead, in the order, the Ninth Circuit simply instructs the appellants to move for a voluntary dismissal of the appeal or show cause why the appeal should not be dismissed for lack of jurisdiction. *See Perry*, No. 09-17241 (9th Cir.) (Docket No. 8). Moreover, because *Perry* is not a case involving the NLRA, it has no applicability to the instant case. *See generally Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) (addressing propriety of protective order in case involving a challenge to the constitutionality of California's Proposition 8, which amended the California Constitution to provide that only marriage between a man and a woman is valid or recognized in California).

Second, Mr. Shek has cited *Trainer Wortham & Co. v. Betz*, 130 S. Ct. 2400 (2010), and *Betz v. Trainer Wortham & Co.*, 519 F.3d 863 (9th Cir. 2008). *See* Docket No. 22 (Opp'n at 10, 8). But the Supreme Court decision in *Betz* is simply an order granting a petition for a writ of certiorari; it does not say anything about a statute of limitations. As for the Ninth Circuit decision in *Betz*, it was vacated based on the Supreme Court decision. And in any event, *Betz* dealt with the statute of limitations for a claim brought under the federal securities law, not a claim brought under the NLRA, and thus the case has no applicability here.

Having concluded that a six-month statute of limitations is applicable under *DelCostello* and *Soremekun*, the Court turns to when the statute of limitations began to run in Mr. Shek's case. The Ninth Circuit has instructed that the six-month period generally begins to run "when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Here, Mr. Shek knew of the alleged breach at the latest by May 1, 2009, when he submitted the confidential witness affidavit to the NLRB, which described the allegedly improper conduct by the Union, including the failure to arbitrate the grievance because no Union contract was in place, a fact which Mr. Shek asserts in his affidavit was false and inaccurate. Because Mr. Shek did not initiate this lawsuit within six months thereafter (*i.e.*, by November 1, 2009), his claim for breach of the duty of fair representation is time barred.

9

In his papers, as well as at the hearing, Mr. Shek argued that he did not know that he had a claim for breach of the duty of fair representation until he talked to a law firm in March 2010 – *i.e.*, only a few weeks before he filed this lawsuit. *See* Docket No. 19 (Sur-Reply at 2). But Mr. Shek has misunderstood the legal standard as to when the statute of limitations begins running. The question is when a plaintiff knows or should know of the underlying facts constituting the breach, not when a plaintiff knows or should know that he may have a cause of action based on those facts. *See Galindo*, 793 F.2d at 1509 (holding the statute begins to run when an employee discovers or should have discovered the acts constituting the alleged violation). His confidential affidavit to the NLRB in May 2009 contains all the underlying facts he now alleges in the instant lawsuit.

The Court notes that, under certain circumstances, the six-month statute of limitations may be equitably tolled. Mr. Shek, however, has not made any claim that he is entitled to equitable tolling. Moreover, the Court cannot divine any basis for equitable tolling in this case. For example, the fact that Mr. Shek challenged the Union and individual defendants' actions in administrative proceedings before the NLRB is immaterial because the Ninth Circuit has expressly held that, because the filing of an NLRB action is optional, it is not a basis for tolling. *See Conley v. International Broth. of Elec. Workers, Local 639*, 810 F.2d 913, 915-16 (9th Cir. 1987); *see also Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 404 (9th Cir. 1990) (declining to toll the statute of limitations during the pendency of a worker's compensation claim because it was merely optional and would frustrate the national policy of prompt resolution of labor disputes). Although tolling may be appropriate pending exhaustion of internal union remedies, *see Galindo*, 793 F.2d at 1509-10; *see also Clayton v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 451 U.S. 679, 689 (1981) (holding plaintiff should exhaust internal union remedies unless those procedures would be inadequate), that basis for tolling is inapplicable in the instant case where it is clear that Mr. Shek already exhausted his internal union remedies. Similarly, tolling may be appropriate where there is fraud by the union, *see Gardner v. International Telegraph Employees Local No. 9*, 850 F.2d 518, 523 (9th Cir. 1988) (holding that plaintiff could toll his fair representation claim only if he was totally and reasonably ignorant of the fact that the union lied to him), but there is no plausible basis for such tolling in the case at bar. Although Mr. Shek claims

that the Union lied via Ms. Jung when she said that the contract had not been ratified (and therefore the Union would not pursue arbitration of his grievance), he also claims that he knew that was a lie when she stated such and told her so. *See* Shek Aff. at 9.

In sum, the limitations period of six months started to run at the latest in May 2009, and there is no basis for equitable tolling. Hence, the claim for breach of the duty of fair representation, as asserted against the Union, which was not filed until April 7, 2010 (*i.e.*, more than six months after May 2009), is untimely.

b.  Individual Defendants

As discussed above, the claim for breach of the duty of fair representation, as pled against the Union, is barred by the statute of limitations. The same reasoning is applicable with respect to the claim against the individual defendants, Ms. Jung (Mr. Shek's Union representative) and Mr. Maltzahn (the Union president).

Moreover, the claim against the individual defendants fails for an independent reason – namely, individual union officials are immune from such claims. *See Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) (stating that "[i]t is well settled that section 301 provides the basis for an action for breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union"); *see also Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962) (explaining that, "[w]hen Congress passed § 301, it declared its view that only the union was to be made to respond for union wrongs, and that union members were not to be subject to levy"). That immunity extends to state tort claims herein as well. *See Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1400 (9th Cir. 1985) (also stating that immunity "extends to state tort claims against union officials and members brought in conjunction with a section 301 [29 U.S.C. § 185] breach of duty claim against a union");

2.  Breach of Fiduciary Duty

In addition to a federal claim for breach of the duty of fair representation, Mr. Shek asserts a federal claim for breach of fiduciary duty pursuant to the Labor-Management Reporting and Disclosure Act ("LMRDA"). *See* 29 U.S.C. §501. The Act provides that officials of a labor organization have a duty to, *inter alia*, "hold its money and property solely for the benefit of the

organization and its members." *Id.* § 501(a).  The Act further provides that, when an officer is alleged to have violated any of his or her duties,

> and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization.  No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.

*Id.* § 501(b).

The Ninth Circuit has noted that

> "[t]he real beneficiaries of a successful section 501 action are the union and its entire membership."  As both the case law and the statutory language indicate, section 501 suits are similar to shareholder derivative actions, in which a plaintiff brings an action in which "any relief obtained . . . shall benefit the corporation as a whole and not the suing individual directly."  "Correspondingly, Section 501(b) makes it clear that relief granted under Section 501 is for the benefit of the real party in interest, the union whose officers are charged with dereliction."

*O'Hara v. Teamsters Union Local No. 856*, 151 F.3d 1152, 1161 (9th Cir. 1998).

In the instant case, the factual basis for Mr. Shek's claim for breach of fiduciary duty is not clear.  At best, Mr. Shek suggests that Defendants violated the LMRDA by double charging him Union dues (*i.e.*, he paid Union dues at two different locations).  *See* Shek Aff. at 9-10.  Mr. Shek notified Ms. Jung of this problem sometime in May 2009.  To the extent that this is the factual basis of the claim, the claim is problematic for several reasons.  First, as indicated above, a § 501 claim that is brought for personal benefit, and not the benefit of the union, is not permissible.  *See O'Hara*, 151 F.3d at 1161 (noting that the plaintiff's "claims obviously were not for the benefit of the union[;] [r]ather, they were aimed at obtaining personal compensation for alleged harassment and improper termination").  Mr. Shek's claim here seems to be one for personal benefit.  The LMRDA is not directed to the kind of claim brought here.  Second, regardless of whether the claim is one for personal benefit, Mr. Shek concedes that the Union took corrective action and reimbursed him for the double charging.  *See* Docket No. 17 (Reply, Ex. H) (letter, dated 7/2/2010).  Mr. Shek does not

1  argue that this reimbursement was inadequate.  Finally, even if – as Mr. Shek suggested for the first
2  time at the hearing – the corrective action were not taken in a reasonable time (no action was taken
3  until after he filed the lawsuit), Mr. Shek failed to follow the proper procedures to bring a § 501
4  claim for breach of fiduciary duty.  More specifically, he did not seek leave of the Court upon
5  verified application and for good cause shown.  *See Phillips v. Osborne*, 403 F.2d 826, 830 (9th Cir.
6  1968) (finding that good cause is a condition precedent to § 501 suits); *see also International Union
7  of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (holding that
8  union members must show good cause and receive the court's permission before bringing suit).

### 3. California Government Code

Finally, Mr. Shek brings claims pursuant to the California Government Code, namely, §§ 3514.5(a)(1), 3541.5(a), and 3563.2(a), which deal with unfair employment practices.  As Defendants argue in their motion, these claims must be dismissed because they are applicable only to public employees of the state of California.  *See* Cal. Gov't Code § 3513(c) ("'State employee' means any civil service employee of the state, and the teaching staff of schools under the jurisdiction of the State Department of Education or the Superintendent of Public Instruction . . . ."); *id.* § 3540.1(j) ("'[E]mployee' means any person employed by any public school employer . . . ."); *id.* § 3562(e) ("'Employee' or 'higher education employee' means any employee of the Regents of the University of California, the Directors of the Hastings College of the Law, or the Trustees of the California State University.").  In the instant case, Mr. Shek's complaint focuses on his employment while at Alta Bates, a private entity.  Nothing in Mr. Shek's complaint or the papers he has submitted in conjunction with the pending motions suggests that he is a state employee as defined in the relevant provisions of the Government Code.  *See, e.g.*, *California Corr. Peace Officers Ass'n v. State*, 142 Cal. App. 4th 198, 202 n.1 (2006) (holding that California Government Code §§ 3512-3524 generally govern relations between the state and its employees).  Accordingly, all claims made under California Government Code are dismissed.

### III. CONCLUSION

For the foregoing reasons, Mr. Shek's motion to amend is denied and Defendants' motion to dismiss is granted.  The dismissal of each of the above claims is with prejudice.  The Court

13

understands Mr. Shek's frustration in not obtaining, in his view, legal recourse for the asserted violations of his rights. However, this Court is bound by the governing statutes and case law that set forth the scope of rights afforded and procedural requirements such as time limits.

This order disposes of Docket Nos. 7, 11, 15, and 20.

IT IS SO ORDERED.

Dated: August 9, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK, | No. C-10-1483 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA NURSES ASSOCIATION/CAREGIVERS & HEALTHCARE EMPLOYEES UNION, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 681-8487

Dated: August 9, 2010              RICHARD W. WIEKING, CLERK


                                   By:    /s/ Leni Doyle
                                          Leni Doyle
                                          Deputy Clerk