UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK, | No. C-10-1483 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO SEVER AND STAY; AND DENYING PLAINTIFF'S MOTION TO RECONSIDER** |
| CALIFORNIA NURSES ASSOCIATION/CAREGIVERS & HEALTHCARE EMPLOYEES UNION, *et al.*, | **(Docket Nos. 26, 27)** |
| Defendants. | |
| _____/ | |

Plaintiff John Shek has filed a motion for reconsideration as well as a motion to sever and stay execution. In both of these motions, Mr. Shek essentially asks the Court to reconsider its order granting Defendants' motion to dismiss and denying his motion to amend. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Mr. Shek's motions.

**I. DISCUSSION**

Under the Civil Local Rules, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). A party moving for leave to file a motion to reconsider is required to show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).[1]

In his papers, Mr. Shek argues that there is new evidence justifying his motions, namely, (1) evidence regarding the Union not supporting him during the grievance process on an alleged physical attack by his supervisor; (2) evidence showing that the Union contract had been ratified (such that the Union should have arbitrated his grievance); and (3) evidence that the EEOC has now issued – after entry of judgment in this case – a right-to-sue letter. Mr. Shek also contends that the Court made legal errors which also justify granting him relief. The Court addresses each of these arguments below.

A. New Evidence

    1. Alleged Physical Attack by Supervisor

Mr. Shek's evidence that his supervisor physically attacked him and that the Union failed to take up this issue during the grievance process consists of an e-mail that Mr. Shek sent to Ms. Jung in October 2008. *See* Docket No. 27 (Mot., Ex. D). This evidence is not new evidence justifying a grant of leave to file a motion for reconsideration. Mr. Shek knew about this e-mail when he wrote it in October 2008 – *i.e.*, well before the Court's order of dismissal in August 2010. Thus, neither Civil Local Rule 7-9(b)(1) nor (2) is applicable. Furthermore, Mr. Shek did not present this evidence as part of the briefing on the motion to dismiss and the motion to amend. Therefore, Civil Local Rule 7-9(3) is also inapplicable. Finally, even if the Court were to consider the evidence now on the merits, it would not grant any relief to Mr. Shek. The evidence is simply another example provided by Mr. Shek of how the Union breached its duty of fair representation. As the Court has

---

[1] To the extent Mr. Shek is moving to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), the same basic standards are applicable. *See, e.g.*, *Federal Deposit Ins. Corp. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (noting that " Rule 59(e) motions are 'aimed at reconsideration, not initial consideration'" such that "parties should not use them to 'raise arguments which could, and should, have been made before judgment issued'"; adding that "[m]otions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence").

previously held, that claim, to the extent based on federal law, is untimely. *See* Docket No. 24 (Order at 8-11). To the extent the claim is based on state law, it is preempted. *See id.* (Order at 6).

### 2. Ratification of Union Contract

Mr. Shek has provided paystubs in support of his argument that the Union contract was in fact ratified at the time that he wanted the Union to take his grievance to arbitration. The problem for Ms. Shek once again is that he knew of this information well before the Court's dismissal order of August 2010. Therefore, neither Civil Local Rule 7-9(b)(1) nor (2) is applicable. As for ground Civil Local Rule 7-9(b)(3), Mr. Shek could have provided, but did not provide, the pay stubs to the Court during the briefing on the motion to dismiss and motion to amend. Finally, even if the Court were to consider the evidence now on the merits, it goes only toward Mr. Shek's contention that the Union breached its duty of fair representation, which as stated above is either an untimely or preempted claim. The Court thus can not address the merits of the claim.

### 3. EEOC Right-to-Sue Letter

Finally, Mr. Shek has provided to the Court a copy of an EEOC right-to-sue letter, dated August 24, 2010. Because the letter was not issued until after the Court's order of dismissal – and entry of the final judgment – it does constitute new evidence for purposes of Civil Local Rule 7-9(b)(1) and (2). The Court, however, does not find the new evidence material. First, there is nothing to show that the EEOC complaint which Mr. Shek made and which ultimately led to the issuance of the right-to-sue letter was based on the conduct at issue in this case (*i.e.*, the Union conduct described in the confidential affidavit of Mr. Shek). As previously noted, the only evidence of a complaint filed by Mr. Shek with the EEOC did not name the Union and did not check disability as a basis for the alleged discrimination. Accordingly, the new right-to-sue letter does not cure the failure to exhaust. Second, Mr. Shek has made no showing that his EEOC complaint was timely. As the Court noted in its dismissal order, "'[a]n ADA claim must be filed with the EEOC within 180 days of the last act of alleged discrimination,'" unless the plaintiff initially instituted proceedings with a state or local agency, in which case he has 300 days. Docket No. 24 (Order at 7). Finally, the Court notes that, even if the EEOC complaint were timely and concerned the Union conduct at issue here (and thus exhaustion satisfied), the Court dismissed the discrimination claim not only because

1 of failure to exhaust administrative remedies but also because of failure to state a claim for relief.
2 Mr. Shek still has not explained how the Union's actions were based upon his alleged knee injury,
3 and the EEOC right-to-sue letter adds nothing in this regard.

B.  <u>Legal Errors</u>

Based on his papers, Mr. Shek seems to be arguing that the Court made two legal errors: (1) in deeming his motion to amend untimely (thereby analyzing his motion as one for leave to amend rather than a motion to amend as a matter of right) and (2) in failing to apply a four-year statute of limitations to his breach-of-contract claim. For both of these arguments, Mr. Shek has failed to satisfy any of the Civil Local Rule 7-9(b) standards above. Accordingly, his motion to reconsider is denied.

Even if the Court were to consider the arguments on the merits, Mr. Shek would fare no better. With respect to first argument, Mr. Shek contends that the Court should have construed his filing of June 1, 2010, as his motion to amend. *See* Docket No. 11 (motion). However, that document, even liberally construed, cannot be considered such. Simply because Mr. Shek stated in the document that he intended to move to amend does not make the document a motion to amend. Moreover, even if the Court were to consider the document a motion to amend, it would make no difference in the end. At best, the motion to amend, because timely, would have been considered an amendment as a matter of right under Federal Rule of Civil Procedure 15(a)(1). However, the amendment would still be subject to challenge and ultimately dismissal for the reasons stated by the Court in its dismissal order.

///
///
///
///
///
///
///
///

4

As for the second argument, the problem for Mr. Shek is that he never asserted a claim for breach of contract and therefore the four-year statute of limitations contained in California Code of Civil Procedure § 337 is inapplicable. Further, as previously noted, any state claim based on the collective bargaining agreement is pre-empted.

## II. CONCLUSION

For the foregoing reasons, both of Mr. Shek's motions are denied.

This order disposes of Docket Nos. 26 and 27.

IT IS SO ORDERED.

Dated: September 28, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK, | No. C-10-1483 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA NURSES ASSOCIATION/CAREGIVERS & HEALTHCARE EMPLOYEES UNION, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

John Shek
2220 Santiago Street
San Francisco, CA 94116
(925) 681-8487

Dated: September 28, 2010          RICHARD W. WIEKING, CLERK


                                    By:      /s/ Leni Doyle
                                          Leni Doyle
                                          Deputy Clerk